UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
RAFAEL ALMONTE,             :

                                 :

          Petitioner,        :

                                 :        **MEMORANDUM & ORDER**

   -against-           :           13-cr-692 (DLI)

                                 :           17-cv-1339 (DLI)

UNITED STATES OF AMERICA,   :

                                 :

          Respondent.    :
------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On March 8, 2017, pursuant to 28 U.S.C. § 2255 ("Section 2255"), Rafael Almonte ("Petitioner") filed the instant motion (the "Petition") to "vacate, set aside, or correct [the] sentence" imposed on his conviction by plea of guilty to conspiracy to commit postal theft in violation of 18 U.S.C. § 371, under Count One of the superseding indictment. *See generally*, Pet.'s Mot., Dkt. Entry No. 165.[1]  Petitioner argues that his guilty plea before the magistrate judge was not entered knowingly and he received ineffective assistance of counsel. *Id.* at 4, 15-16.  Petitioner alleges that his counsel misinformed him about the immigration consequences of his guilty plea and failed to file a timely notice of appeal, despite Petitioner's requests that he do so. *Id.*  The government opposed the Petition. *See*, Gov't Opp'n, Dkt. Entry No. 169.  Petitioner replied. *See* Pet.'s Rep., Dkt. Entry No. 170.  For the reasons set forth below, Petitioner's motion is denied in its entirety.

---

[1] All references to docket entries are to entries made in the criminal case underlying this petition, *United States v. Rafael Almonte, et. al.,* Case Docket No. 13-cr-692(DLI).

## BACKGROUND

On September 23, 2014, Petitioner pled guilty, under oath, to conspiracy to commit postal theft under Count One of the superseding indictment in violation of 18 U.S.C. § 371, before the Hon. Lois Bloom, U.S. Magistrate Judge of this Court,  *See*, Minute Entry, Change of Plea Hr'g, Dkt. Entry No. 83; *See generally,* Guilty Plea Tr., Dkt. Entry No. 92.  Petitioner was represented by David A. Colgan, Esq. ("Colgan") at the plea hearing. *See generally, Id.*  The magistrate judge informed Petitioner, *inter alia*, that he was subject to "presumptively mandatory" removal from the United States because he is not a United States citizen, and was pleading guilty to a crime. Guilty Plea Tr., at 17.  The government informed the magistrate judge that Petitioner's felony offense would subject him to removal, but removal was not presumptively mandatory because Petitioner's crime was "not considered a particularly serious offense."  *Id.* at 18.  The magistrate judge acknowledged the government's correction and advised Petitioner of the immigration consequences of his guilty plea in the following relevant exchange:

> THE COURT: . . . [Y]ou must affirm that you want to plead guilty regardless of any immigration consequences that your plea may entail, even if the consequence is your removal from the United States and that you will not be permitted to re-enter the United States.  Do you understand?
>
> THE DEFENDANT:  Yes, your Honor.
>
> THE COURT:  . . . And if there is a proceeding to remove you, and you are found to be removable, you will not be able to re-enter the United States and I am going to ask you, do you affirm that you want to plead guilty even though you will be subject to removal and you will not be permitted to re-enter the United States?
>
> THE DEFENDANT:  Yes, your Honor.

*Id.* at 18-19.

At the conclusion of Petitioner's plea allocution, the magistrate judge found that Petitioner was competent, was acting voluntarily, fully understood the charges against him as well as his

2

rights and the consequences of his plea, and there was a factual basis for the plea. *Id.* at 27. Accordingly, the magistrate judge recommended that this Court accept Petitioner's guilty plea. *Id.*

On February 20, 2015, this Court declined to accept Petitioner's guilty plea before the magistrate judge because it was not satisfied with Petitioner's factual allocution as to his involvement in the case. *See generally*, 2d Guilty Plea Tr., Dkt. Entry No. 206. The Court explained that, while the allocution established that Petitioner was competent and understood those proceedings, and the magistrate judge "masterfully" had advised Petitioner properly of his constitutional rights and the consequences of his guilty plea, Petitioner had failed to admit his criminal conduct, and, thus, Petitioner's factual allocution was deficient. *Id.* at 9. The Court then gave Petitioner the option of proceeding to trial or pleading guilty plea again. *Id.* at 5-7, 9-10. The Court further gave the parties the option of doing a full allocution anew or an allocution solely as to Petitioner's involvement in the offense. *Id.,* 6, 10. Defendant insisted that he did not want a trial and wanted to plead guilty and the parties agreed to proceed with a partial allocution as to the facts underlying the offense. *Id.* at 10-11. Following Petitioner's second allocution to the offense conduct, under oath, the Court accepted Petitioner's guilty plea to Count One of the superseding indictment. *Id.* at 19.

On March 3, 2015, Petitioner was sentenced to twelve months and one day of imprisonment and three years of supervised release with special conditions. *See,* Minute Entry for March 3, 2015 Sentencing Hr'g; *See also generally,* Sent'g Hr'g Tr., Exh. B to Gov't Opp. to Pet., Dkt. Entry No. 169-2. On March 12, 2015, judgment was entered. *See*, Judgment, Dkt. Entry No. 134. Petitioner alleges that he directed Colgan to file a notice of appeal, but Colgan did not do so. Pet.'s Mot. at 16-17. Petitioner retained new counsel, and, on April 12, 2016, Petitioner filed a notice of appeal of his conviction and sentence. *See*, Dkt. Entry No. 156. By mandate issued February 28, 2017,

3

the Second Circuit granted the Government's motion to dismiss Petitioner's appeal as untimely. *See*, MANDATE of USCA, Dkt. Entry No. 164.  On March 8, 2017, Petitioner filed the instant Petition.

Petitioner claims that Colgan was ineffective because he misinformed Petitioner about the immigration consequences of his guilty plea, and he did not file a timely notice of appeal despite Petitioner's requests that he do so.  *Id.* at 4, 15-17.  Petitioner contends that Colgan failed to advise him that a prison sentence of at least twelve months for postal theft conspiracy is considered an aggravated felony under immigration law that presumptively would subject him to mandatory removal from the United States.  *Id.* at 16-18.  Petitioner claims he would not have pled guilty had he been informed of the deportation consequences of his plea.  *Id.* at 16.  Petitioner also seeks equitable tolling of the limitations period for his Petition based on Colgan's alleged failure to file a timely notice of appeal.  *Id.* at 18-19.

## LEGAL STANDARD

A sentencing court may "vacate, set aside or correct" a conviction or sentence that was imposed "in violation of the Constitution or laws of the United States[.]"  28 U.S.C. § 2255(a). Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice."  *Scala v. United States*, 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (internal quotation marks and citations omitted).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show: (1) that "his attorney's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms,'" and (2) "'affirmatively prove prejudice' arising from counsel's allegedly deficient representation."  *United States v. Caracappa*, 614 F.3d 30, 46 (2d Cir. 2010)

4

(quoting *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984)).  Although a petitioner must satisfy both prongs to obtain relief, the Supreme Court has stated that "there is no reason for a court deciding an effective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Strickland*, 466 U.S. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  *Id.*; *See also*, *Brown v. Artuz*, 124 F.3d 73, 80 (2d Cir. 1997) (declining to address the first prong of *Strickland* on the ground that the defendant could not satisfy the prejudice prong).

Courts reviewing an ineffective assistance of counsel claim "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound [legal] strategy."  *Strickland*, 446 U.S. at 689 (internal quotation marks and citation omitted).  Courts must "be watchful to eliminate the distorting effects of hindsight."  *Brown v. Greene*, 577 F.3d 107, 110 (2d Cir. 2009) (internal quotation marks and citations omitted).  An ineffective assistance of counsel claim "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."  *Massaro v. United States*, 538 U.S. 500, 504 (2003).

## DISCUSSION

As a threshold matter, the Court must address the timeliness of the Petition.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for filing a habeas corpus petition.  *See*, 28 U.S.C. § 2255(f).  The limitations period runs from "the date on which the judgment of conviction becomes final[.]"  *See,* 28 U.S.C. § 2255(f)(1).  Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), a defendant's notice

of appeal must be filed within fourteen days of the entry of judgment.  A judgment is entered for purposes of Rule 4(b) when it is entered on the criminal docket.  *See*, Fed. R. App. P. 4(b)(6).  If a defendant does not file a timely appeal, his conviction and sentence become final, and the statute of limitations begins to run, when the time for filing his appeal expires.  *See*, *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)).

Here, judgment was entered on March 12, 2015.  Thus, Petitioner's notice of appeal had to be filed by March 26, 2015.  Petitioner failed to file a notice of appeal within that time frame.  Therefore, his conviction became final and the one-year statute of limitations began to run on March 26, 2015.  Petitioner filed the instant Petition on March 8, 2017, well after the one-year limitations period had expired.  Thus, the Petition is untimely.

Petitioner seeks equitable tolling of the limitations period because of counsel's ineffectiveness in failing to file a notice of appeal timely.  Pet.'s Mot. at 18.  "Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity."  *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (citations omitted).  Equitable tolling applies only in rare and exceptional circumstances.  *See*, *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015).  To warrant equitable tolling, Petitioner must demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way[]" and prevented timely filing of the Petition.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Here, Petitioner cannot satisfy either prong.

Colgan's alleged failure to file a timely notice of appeal is not an extraordinary circumstance that prevented Petitioner from filing the Petition.  *See*, *Bowman v. Walsh*, 2007 WL 2815711, at *2 (E.D.N.Y. Sept. 25, 2007) (stating that an appeal is not a prerequisite to filing a

6

habeas petition).  Petitioner presents no evidence that he instructed Colgan to file an appeal and does not allege that he asked Colgan to file a habeas petition.  *Cf. Dillon v. Conway*, 642 F.3d 358, 363-64 (2d Cir. 2011) (extraordinary circumstance found where petitioner's counsel affirmatively and knowingly misled petitioner that he would file the habeas petition before the deadline); *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) (extraordinary circumstance found where attorney failed to file habeas petition despite specific instructions from petitioner).

Petitioner does not identify any impediment that prevented him from filing his Petition within the one-year limitations period.  Petitioner had a full year to pursue his rights pursuant to Section 2255 after the deadline for filing a notice of appeal had expired.  *See*, 28 U.S.C. § 2255(f).  Petitioner claims that he was in a prison that did not have e-mail internet service, and Colgan did not provide him with the status of his case.  Pet. Mot. at 19.  However, Petitioner could have prepared his petition *pro se* and filed it by mail.  "[P]etitioners often are fully capable of preparing and filing their habeas petitions pro se, and pro se status does not in itself constitute an extraordinary circumstance meriting tolling."  *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004).  Thus, Petitioner has not demonstrated that he made diligent efforts to file a petition timely or that extraordinary circumstances interfered with his ability to do so.  Accordingly, the instant Petition is time barred.

For the sake of completeness, the Court considers the merits of Petitioner's ineffective assistance of counsel claims, which the Court finds unavailing.  Petitioner correctly states that an attorney is ineffective if he does not advise a defendant of the deportation consequences of his guilty plea.  *See*, *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).  However, "when a defendant learns of the deportation consequences of his plea from a source other than his attorney, he is unable to satisfy *Strickland*'s second prong because he has not suffered prejudice."  *Brown v.*

7

*United States*, 2010 WL 5313546, at *14 (E.D.N.Y. Dec. 17, 2010);  *See also*, *United States v. Cruz-Veloz*, 2010 WL 2925048, at *3 (D.N.J. July 19, 2010) ("Since Petitioner was informed of deportation consequences by the Court, Petitioner was not prejudiced by any ineffective assistance of counsel.").

Here, the magistrate judge explicitly informed Petitioner during his plea allocution that he would be subject to removal from the United States by pleading guilty.  *See*, Plea Tr., at 18-19. The magistrate judge explained to Petitioner that he must affirm that he wanted to plead guilty "regardless of any immigration consequences" that his plea may entail, "even if the consequence is [] removal" and that he will "not be permitted to re-enter the United States." *Id.*  Petitioner, who was under oath, affirmed that he understood the deportation consequences of his guilty plea and pled guilty.  *Id.* at 18, 22.  Even if Colgan had failed to advise Petitioner properly about the deportation consequences of his guilty plea, Petitioner learned from the magistrate judge that he was subject to deportation by pleading guilty.  Therefore, Petitioner cannot establish prejudice under *Strickland*'s second prong, and his ineffective assistance of counsel claim on this ground fails.

Petitioner also alleges that Colgan was ineffective for failing to file a timely notice of appeal.  Petitioner cannot demonstrate prejudice on this ground because Petitioner waived his right to appeal.  *See*, Plea Agreement, 2d Circuit Court of Appeals Case Dkt. No. 16-1125, Dkt. Entry No. 24 at 8.  "[C]ourts in this Circuit [] have found that defendants who waive their right to appeal are precluded from asserting an ineffective assistance claim based on counsel's failure to file an appeal." *Rodriguez v. United States*, 2019 WL 5552325, at *7 (D. Conn. Oct. 25, 2019) (collecting cases).  Thus, Petitioner's ineffective assistance of counsel claim on this ground fails on the merits.

## <u>CONCLUSION</u>

For the reasons set forth above, the Petition is denied in its entirety. Petitioner is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See*, Fed. R. App. P. 22(b); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See*, *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
        September 21, 2021

_____
/s/
DORA L. IRIZARRY
United States District Judge

9